```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
```

LEARIE DALY                      :
  #A35 751 059
                                 :
        v.                       :   CIVIL ACTION NO. AMD-01-3296
                                 :
IMMIGRATION & NATURALIZATION     :
  SERVICE                        :
                    ..oOo..

**MEMORANDUM**

Now pending is the unopposed motion to dismiss or for summary judgment filed by the respondents, the United States Immigration and Naturalization Service ("INS") and District Director Louis Crocetti. No oral hearing is necessary. *See* Local Rule 105.6. (D.Md. 2001).

The petitioner, Learie Daly, is a native and citizen of Trinidad and Tobago, and has permanently resided in the United States since December 18, 1976. On November 6, 2001, Mr. Daly filed a petition in this Court, pursuant to 8 U.S.C. § 1421(c), seeking review of the INS's denial of his application for naturalization. The INS contends that the petitioner is statutorily ineligible for naturalization based on his criminal convictions for aggravated felonies. For the reasons that follow, the Court agrees with the INS's position and will dismiss Mr. Daly's petition.

                         BACKGROUND

The following facts are undisputed: Mr. Daly was charged with

two counts of common law battery and two counts of parental child abuse on October 4, 1996.[1] *See* Gov't' motion, Ex. 1. On December 17, 1996, Mr. Daly was found guilty of two counts of common law battery. He was sentenced to six years confinement, all years suspended, three years supervised probation, including attendance at Parents Anonymous, random urinalysis, and no unlawful contact with his daughters. *Id.*

On July 22, 1997, a warrant was issued by the District Court of Maryland for Baltimore City for petitioner's arrest on new charges of child abuse, second degree assault, and use of a deadly weapon with intent to injure. *Id.* Mr. Daly was also charged with violating the terms of his probation. On October 27, 1998, petitioner's probation was violated and his original sentence of six years was reimposed. *Id.* Subsequent motions to modify or reduce sentence and a petition for post-conviction relief were denied. *Id.*, Exs. 1 & 2.

On May 14, 1999, the INS issued a Notice to Appear, charging Mr. Daly as removable under Immigration and Naturalization Act ("INA") § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien convicted of a crime of violence/aggravated felony, as

---

[1] The charging document alleged that Mr. Daly had beaten his two daughters, four year old Latesia and two year old Allysha. A medical examination revealed that Latesia had six separate fresh lesions consistent with having been struck with a belt and buckle, as well as bruising and stitches over her right eye. Approximately 35 linear marks were found on the buttocks and thigh area of Allysha. The children's wounds were found to be compatible with child abuse.

defined in INA § 101(a)(F), 8 U.S.C. § 1101(a)(43)(F). *Id.*, Ex. 3. Removal proceedings against the petitioner have not been completed.

On March 21, 2001, Mr. Daly filed an application for naturalization, based upon his five year military service with the United States Marine Corps. *Id.*, Ex. 4. On July 9, 2001, the INS denied the application on the ground that petitioner is permanently barred from naturalization due to his criminal convictions of aggravated felonies/crimes of violence. *Id.*, Ex. 5.

Petitioner requested a hearing on the INS's denial of his application pursuant to 8 U.S.C. § 1447(a), 8 C.F.R. § 336.2. On August 14, 2001, the INS affirmed the earlier decision. *Id.*, Ex. 6.

STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 56(c), a district court must enter judgment against a party who "...fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Where "there is no genuine issue as to any material fact and...the moving party is entitled to judgment as a matter of law," entry of summary judgment is mandated. *Fed. R. Civ. P. 56(c); see Stone v. Liberty Mut. Ins. Co.*, 105 F.3d 188, 190 (4th Cir. 1997). To avoid summary judgment on defendant's motion, a plaintiff must produce evidence creating a genuine issue of material fact. "The mere existence of

a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). In determining whether a genuine issue of material fact is in dispute, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

## ANALYSIS

Daly applied for naturalization under INA § 328, 8 U.S.C. § 1439. This statute provides that:

> A person who has served honorably at any time in the armed forces of the United States for a period or periods aggregating three years, and, who, if separated from such service, was never separated except under honorable conditions, may be naturalized without having resided, continuously immediately preceding the date of filing such person's application, in the United States for at least five years, and in the State or district of the Service in the United States in which the application for naturalization is filed for at least three months, and without having been physically present in the United States for any specified period, if such application is filed while the applicant is still in the service or within six months after the termination of such service.

An INA § 328 applicant must comply in all respects with the requirements for naturalization, with noted exceptions. These requirements including residence and good moral character. Relevant to this case is the requirement that an applicant establish that for the five years preceding the filing of the naturalization application, he or she has been and continues to be

a person of good moral character. INA § 328(b); *see also* 8 C.F.R. § 328.2(d).

INA § 101(f)(8), 8 U.S.C. § 1101(f)(8) provides that no person shall be regarded as, or found to be, a person of good moral character who, during the period for which good moral character is required to be established is or was "convicted of an aggravated felony (as defined in subsection (a)(43))."[2]

INA § 101(a)(43), 8 U.S.C. § 1101(a)(43) sets outs the various crimes contained within the definition of the term aggravated felony. Key to the petitioner's case is the definition found at § 101(a)(43)(F), which provides that an aggravated felony includes:

> a crime of violence (as defined in section 16 of title 18, United States Code, but not including a purely political offense) for which the term of imprisonment imposed is at least one year.

18 U.S.C. § 16 defines the term "crime of violence" as:

> (a) an offense that has as the element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Pursuant to my *de novo* review, I have examined petitioner's case to determine whether he is statutorily eligible for

---

[2] Moreover, 8 C.F.R. § 316.10(b)(1) provides that an applicant shall be found to lack good moral character if the applicant has been "convicted of an aggravated felony as defined in section 101(a)(43) of the Act on or after November 29, 1990."

5

naturalization under INA § 238, 8 U.S.C. § 1439. Petitioner seemingly argues that as his battery convictions do not qualify as aggravated felonies as defined under § 101(a)(43)(F), he satisfies the requirement that he be of good moral character for the five year period preceding the filing of the naturalization application.

Common law assault and battery are defined by Maryland law to be "any unlawful force used against the person of another, no matter how slight." *State v. Duckett*, 306 Md. 503, 510, (1986). Because this definition involves both violent and non-violent conduct, to determine whether petitioner's State convictions on counts of battery qualify as predicate crimes of violence, I must look at the underlying particulars beyond the fact of the convictions. *United State v. Kirksey*, 138 F.3d 120, 125 (4th Cir.), *cert. denied*, 525 U.S. 849 (1998).

Petitioner was convicted of two counts of common law battery, based upon charges that he had beaten his two daughters Latesia and Allysha, ages four and two respectively, causing them to suffer multiple lesions, bruisings and markings. A number of these injuries were consistent with having been struck by a belt and buckle. Given the details of petitioner's acts against his daughters and the length of his sentences, I find his offenses qualify as crimes of violence under 18 U.S.C. § 16(a).[3]

---

[3]   I likewise conclude that Mr. Daly's battery offenses constitute crimes of violence under 18 U.S.C. § 16(b). *See Sutherland v. Reno*, 228 F.3d 171, 175 n.4 & 177 (2d Cir. 2000); *see also Wireko v.*

As "crimes of violence," Mr. Daly's 1996 offenses fall within the definition of aggravated felony under § 101(a)(43)(F) and he cannot be found to be a person of good moral character under INA § 101(f)(8) and 8 C.F.R. § 316.10(b)(1). Because petitioner cannot establish that for the five years preceding the filing of his March 2001 naturalization application he had been and continued to be a person of good moral character, he is statutorily ineligible for naturalization under INA § 328.

For the aforementioned reasons the respondents' motion to dismiss or for summary judgment, treated as one for summary judgment, shall be granted. The petition for judicial review of the INS's decision to deny Mr. Daly's application for naturalization is dismissed. A separate Order follows.

| 2/21/2002 | /s/ Andre M. Davis |
|---|---|
| Date | Andre M. Davis<br>United States District Judge |

---

*Reno*, 211 F.3d 833, 835 (4th Cir. 2000).