IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LEARIE DALY  
#A35 751 059  

v.  :  CIVIL ACTION NO. AMD 01-3296

IMMIGRATION & NATURALIZATION
SERVICE

..oOo..

O R D E R

Petitioner sought *de novo* review of the denial of his naturalization application. On January 29, 2002, the respondent filed a motion to dismiss or for summary judgment. The motion was granted as unopposed on February 21, 2002.[1]

On February 27, 2002, counsel for petitioner filed a motion to reconsider and to enlarge time for responding to the government's motion to dismiss or for summary judgment. (Paper No. 10.) Counsel asserts that on January 29, 2002, the Assistant United States Attorney appearing in this case contacted her to request an extension of time of 45 days to file an answer. (*Id.* at Nwadike Aff.) She alleges that after some discussion the parties stipulated to a shorter enlargement of time, and agreed that the answer would be due by February 22, 2002. Counsel asserts that she relied on this agreement and "believed that a motion for enlargement of time would be forthcoming." (*Id.* at 3.)

---

[1] On February 22, 2002, the petitioner, through counsel, filed an untimely response to the motion to dismiss or for summary judgment. (Paper No. 9.)

Counsel traveled out of state on January 31, 2002, and she admits that upon her return to her office on February 11, 2002, she saw the respondent's motion, with a certificate of service dated January 29, 2002. (*Id.*) Counsel states that in reliance on her January 29, 2002, discussion with the Assistant United States Attorney, she believed that "there must be a consent motion for the enlargement of time from the Government . . . ." She asserts that she began to work on the reply in light of the earlier discussion, believing that the response time would be counted from February 22, 2002.[2]

The motion to reconsider has been read, considered and shall be denied. I find counsel's explanation for the late filing untenable and unavailing. While the Assistant United States Attorney should have perhaps extended a courtesy to counsel by contacting her to let her know that the dispositive motion was filed the day the extension of time was agreed to, the fact remains that no request for an enlargement of time was filed with the court; instead, the motion for summary judgment was filed on January 29, 2002. Counsel was served with a copy of that motion, yet failed to file a timely response.

According to counsel the parties agreed to an extension of

---

[2] Counsel claims that she believed that the time to respond would be counted from the date that she had notice that the Government was reneging on the agreement. (Paper No. 10, at Nwadike Aff.)

2

time and she relied on that agreement. However, it goes without stating that parties may stipulate to an extension, but without a court order granting the extension, an agreement between counsel is of no consequence or effect.[3]

Here, no request for an extension of time was filed and no court order issued granting an enlargement of time. Counsel did not submit a protective filing after service of the motion for summary judgment, *i.e.*, motion for extension of time, but filed the opposition response in an untimely manner. Counsel's actions (or inactions) do not constitute "excusable neglect." The reconsideration and enlargement of time requests shall be denied.[4]

Accordingly, IT IS this 7th day of May, 2002, hereby ORDERED:

(1) That the petitioner's motion for reconsideration (Paper No. 10-1) and to enlarge time (Paper No. 10-2) ARE DENIED; and

(2) The Clerk of the Court shall MAIL a copy of this Order to the parties.

_____
Andre M. Davis
United States District Judge

---

[3] Counsel does not indicate that she contacted this Court to confirm the filing of a motion for enlargement of time after her receipt of the motion for summary judgment.

[4] In any event, I have read the petitioner's response and find no reason to alter my previous determination. Daly may not raise an eleventh hour claim regarding the naturalization interview process. Further, neither the fact of Daly's criminal convictions, nor the underlying circumstances out of which the convictions arose, is disputed. Accordingly, the conclusion reached by this Court that Daly committed a "crime of violence" is unassailable.